**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ALBERT KARL HEITZMANN, | No. 11-17999 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00762-ECV |
| v. | |
| CHARLES L. RYAN, Director, Department of Corrections, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Edward C. Voss, Magistrate Judge, Presiding[**]

Submitted March 12, 2013[***]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Former Arizona state prisoner Albert Karl Heitzmann appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Heitzmann consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

process violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005). We affirm.

The district court properly dismissed the action because Heitzmann failed to allege facts in his amended complaint showing that defendant Ryan had any involvement in the alleged constitutional deprivations. *See Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) ("[A] person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" (citation omitted)).

To the extent that Heitzmann contends Ryan may be sued in his official capacity for injunctive relief, we do not consider this argument because it was not raised before the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**